IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BRUNO, et al., :
:
    Plaintiffs :
:
v. : CIVIL NO. 3:09-CV-00874
:
BOZZUTO'S, INC. : (Judge Brann)
:
    Defendant :

# MEMORANDUM
August 31, 2015

Currently pending before the Court is Plaintiffs Michael Bruno, Lisa Bruno, Bruno's Market, Inc., and Bruno's Market II (collectively "Brunos") Motion for Reconsideration of the Court's July 30, 2015 Order. (ECF No. 224). For the reasons set forth below, the Motion will be denied.

## I.    Background[1]

This Motion comes as a result of three separate Orders of this Court. On February 6, 2012 while this case was still before the Honorable Robert D. Mariani, an Order was issued related to Bozzuto's motion for spoliation sanctions. (ECF No. 127). In that Order, Judge Mariani concluded that Brunos had spoliated evidence and ordered that Brunos recreate the missing evidence at their own

---

[1] A detailed recitation of the facts of this case is contained in this Court's April 23, 2015 Memorandum. See Bruno v. Bozzuto's, Inc., No. 3:09-CV-00874, 2015 WL 1862990, at *1-5 (M.D. Pa. Apr. 23, 2015). This Memorandum will address only the facts necessary to the resolution of this Motion.

expense.  Id.  Judge Mariani denied further sanctions without prejudice, stating that he would consider more severe sanctions if the evidence proved to be unavailable.  Id.

On April 23, 2015, this Court considered a renewed motion for sanctions, and determined that an adverse inference sanction was appropriate based on Brunos' intentional and bad faith destruction of evidence.  (ECF No. 212).  However, the Court denied monetary sanctions, noting that further discovery disputes may be looming, and further noting that Bozzuto's must specifically delineate any time spent addressing discovery and spoliation issues.  Id.

Finally, in response to Bozzuto's renewed motion for monetary sanctions and request that Brunos' expert witnesses be disallowed, on July 30, 2015 this Court issued an additional Order.  (ECF No. 223).  In that Order, the Court set a date for a Daubert hearing and established a briefing schedule in anticipation of that hearing.  Id.  The Court also concluded that it may be appropriate to issue monetary sanctions prior to trial and advised the parties that, upon completion of the Daubert hearing, the Court would entertain arguments relating to monetary sanctions.  Id.

## II. Discussion

A motion for reconsideration under Federal Rules of Civil Procedure 59(e) "is a 'device to relitigate the original issue' decided by the district court, and used

to allege legal error." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158-59 (3d Cir. 1988). A proper Rule 59(e) motion "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." Holsworth v. Berg, 322 F.App'x 143, 146 (3d Cir. 2009) (quoting N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)) (internal quotation marks omitted).

Although counsel for Brunos ("Counsel") has submitted an unclear, confusing, and somewhat rambling brief in support of his Motion, the Court believes that the Motion seeks reconsideration on the grounds that the Court's Order contained clear errors of law or fact. Additionally, although Counsel presents his Motion as one seeking reconsideration of the Court's July 30, 2015 Order, it is apparent that he in fact also seeks reconsideration of this Court's April 23, 2015, and Judge Mariani's prior Order of February 6, 2012.

**A. Judge Mariani's February 6, 2012 Memorandum and Order**

First, Counsel appears to challenge Judge Mariani's determination that Ms. Bruno's admitted contemplation of litigation triggered an affirmative duty to preserve evidence germane to that litigation. (ECF No. 127, p. 9). Specifically, Counsel argues "Judge Vanaskie in Baliotis v. McNeil required the decision to

3

pursue litigation, as opposed to mere contemplation." Since "[n]o counsel was hired or litigation pursued at the time documents were at the time the documents were destroyed before Plaintiffs moved to California[,]" the "Court made a bald conclusion[.]" (ECF No. 230, p. 5).

The Court cannot help but note that the Motion for Reconsideration was filed an astounding 1,281 days after Judge Mariani issued his February 6, 2012 Memorandum and Order. Local Rule 7.10 provides that any "motion for reconsideration . . . must be . . . filed within fourteen (14) days after the entry of the order concerned." Under this rule, Counsel's Motion is patently untimely. Importantly, Counsel has failed to submit any argument as to why this untimely Motion should be considered under Federal Rule of Civil Procedure Rule 6(b) and its "excusable neglect" standard.[2] On that basis, the Motion to Reconsider the February 6, 2012 Order is denied.

Importantly though, even considering Counsel's Motion, the Court concludes that it is without even a modicum of merit. The case that Counsel cites to for the proposition that "mere contemplation" of a lawsuit is insufficient to create a duty to preserve evidence in fact demonstrates the obvious fallacy of his argument. In Baliotis v. McNeil, Judge Vanaskie explained that:

---

[2] Two cases provide an in-depth discussion of the requirements for satisfying the excusable neglect standard: Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380 (1993); and Ragguette v. Premier Wines & Spirits, 691 F.3d 315 (3d Cir. 2012).

4

> [A] duty to preserve evidence, independent from a court order to preserve evidence, arises where there is: (1) pending *or probable* litigation involving the defendants; (2) knowledge by the plaintiff of the existence or *likelihood of litigation;* (3) foreseeability of harm to the defendants, or in other words, discarding the evidence would be prejudicial to defendants; and (4) evidence relevant to the litigation.

870 F.Supp. 1285, 1290 (M.D. Pa. 1994) (citation omitted) (emphasis in original). Ultimately, Judge Vanaskie rested much of his conclusion that spoliation had occurred on the fact that "the knowledge of a *potential* . . . claim is deemed sufficient to impose a duty to preserve evidence." Id. (emphasis in original). Consequently, this Court concludes that no clear legal or factual error occurred, and any request to reconsider Judge Mariani's ruling on the matter is denied.

### B. April 23, 2015 Spoliation Order

In the Motion, Counsel also challenges certain portions of this Court's April 23, 2015 Spoliation Order. See (ECF No. 224, pp. 4-5). Counsel primarily argues that he will be able to provide documents, and prove that Bozzuto's has failed to provide documents, which "will show that there was no spoliation by Plaintiffs[.]" Id. at p. 4. Counsel also contends that "without any evidence whatsoever, this Court has made findings contrary to Judge Mariani's as to plaintiff's motive and degree of evidence needed to show that there was not spoliation and/or no prejudice to Defendant." Id. at p. 5.

As an initial matter, the Motion for Reconsideration was filed one-hundred nine (109) days after this Court issued its April 23, 2015 Memorandum and Order.

5

As previously noted, Local Rule 7.10 requires that a motion for reconsideration be filed within fourteen days of an Order and therefore this motion is again untimely and denied on that basis. Nevertheless, for the sake of clarity, the Court will address the arguments proffered by Counsel.

        1.     <u>*Law of the Case Doctrine*</u>

The Court first turns to Counsel's contention that certain determinations in the April 23, 2015 Order were "contrary to Judge Mariani's as to plaintiff's motive and degree of evidence needed to show that there was not spoliation and/or no prejudice to Defendant." (ECF No. 224, p. 5).

The law of the case doctrine is an "amorphous concept" which "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983). This doctrine governs a court's "exercise of discretion" and was developed to "maintain consistency and avoid reconsideration of matter once decided during the course of a single continuing lawsuit." <u>In re Pharmacy Benefit Managers Antitrust Litig.</u>, 582 F.3d 432, 439 (3d Cir. 2009) (quoting <u>Casey v. Planned Parenthood of Se. Pa.</u>, 14 F.3d 848, 856 (3d Cir. 1994); <u>Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron</u>, 123 F.3d 111, 116 (3d Cir. 1997)).

"A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (citing Arizona v. California, 460 U.S. at 618 n. 8). Extraordinary circumstances exist where: (1) the initial decision was "clearly erroneous and would make a manifest injustice;" (2) "new evidence is available;" (3) "a supervening new law has been announced;" (4) where the court is "clarifying or correcting an earlier, ambiguous ruling;" or (5) "it appears that a previous ruling, even if unambiguous, might lead to an unjust result." Pharmacy Benefit Managers, 582 F.3d at 439 (citing Christianson, 486 U.S. at 816; Magnesium Elektron, 123 F.3d at 116-17; Swietlowich v. Cnty. of Bucks, 610 F.2d 1157, 1164 (3d Cir. 1979)).

In this case, Judge Mariani ruled that, based on the evidence before the Court at the time, he would not attribute "any malice or bad faith" to the Brunos' actions in spoliating evidence.[3] (ECF No. 127, p. 11). In contrast, the undersigned

---

[3] This Court's April 23, 2015 Memorandum and Order was not contrary to Judge Mariani's Order in regard to the "degree of evidence needed to show that there was no spoliation and/or no prejudice to Defendant." Judge Mariani explicitly held that spoliation had occurred, a finding that this Court directly referenced in its Memorandum. See (ECF No. 127, p. 9, 11; ECF No. 212, p. 10). Furthermore, Judge Mariani withheld any determination of prejudice since "[o]bviously, if the documents still exist in electronic form, then Defendant is not much prejudiced[.]" (ECF No. 127, p. 12). Thus, as Judge Mariani noted, the determination of prejudice was not yet ripe, since he was unable to determine what evidence may still exist. Finally, nothing in Judge Mariani's Opinion referenced in any way the degree of evidence required to show prejudice. Therefore, it would be impossible to conclude that this Court's opinion was contrary to that of Judge Mariani in those respects.

attributed bad faith to the Brunos' actions. (ECF No. 212, p. 13). These actions included throwing away every paper copy of relevant evidence because storage was too inconvenient or costly, as well as throwing away the store's only computer. Id. at pp. 11-13. The undersigned revisited the issue of bad faith due to the availability of new evidence which largely undermined the Brunos' claims of good faith in their destructive acts.

Judge Mariani based his spoliation determination in large part upon the Brunos' repeated asseverations that "the records still existed in electronic form with AWI." (ECF No. 127, p. 3). Contrary to the Brunos' repeated, and ultimately inaccurate, claims that AWI maintained all RORC sales data, AWI attested that, not only did it not possess the RORC data, but the "RORC data is maintained only at the retailer store's location and *is not, at any point*, pulled back to AWI." (ECF No. 202, Ex. O, p. 1) (emphasis added).

Given that AWI never maintained RORC data, it strains credulity to believe the Brunos believed the electronic data was available through other means even after they purposefully destroyed all physical and electronic copies of their records. There is no reasonable explanation for the Brunos' purported belief that AWI maintained this data in light of the fact that AWI never even had access to the data. Given the dubious explanations previously posited by the Brunos, this new evidence proved to be, for this Court, the proverbial straw that broke the camel's

back. This new evidence therefore provided the exceptional circumstances that led the Court to revisit the issue of bad faith. Pharmacy Benefit Managers, 582 F.3d at 439.

Furthermore, the Court apparently must reiterate for Counsel's benefit that its finding of bad faith was not pivotal to the spoliation sanctions that it issued. The Court noted in the Memorandum that a finding of bad faith was not necessary to impose an adverse inference, (ECF No. 212, p. 11, n. 1), a proposition that is well settled within the Third Circuit. E.g., Micron Tech., Inc. v. Rambus Inc., 917 F.Supp.2d 300, 326 (D. Del. 2013), appeal dismissed (Jan. 8, 2014) ("adverse jury instructions are appropriately used in cases where a party's spoliation was not done in bad faith and where the degree of prejudice is low") (citing Baliotis, 870 F.Supp. 1285). Consequently, even if this Court did reconsider and find that bad faith was not present in the Brunos' intentional destruction of evidence,[4] it would still conclude that an adverse inference sanction is appropriate.

Consequently, because there is no clear error of law or manifest injustice that must be corrected, North River, 52 F.3d at 1218, the Court denies the Motion

---

[4] In the Memorandum in support of this Motion, Counsel makes the unfounded assertion that Judge Mariani's Opinion supports the proposition that there is "no evidence . . . that Plaintiffs intentionally destroyed evidence." (ECF No. 230, p. 10). To the contrary, Judge Mariani noted, and Ms. Bruno's deposition testimony unequivocally shows, that the Brunos "admitted that they had *thrown out* the paper copies" of invoices, trial balances, income statements, and balance sheets. (ECF No. 127, p. 9) (emphasis added). Although not directed stated, it is clear from the verb chosen and the context of Judge Mariani's Memorandum that the Brunos' actions were intentional. The Brunos made a conscious and intentional decision to throw away relevant evidence because "there was no storage space for all of the documents[.]" Id. at p. 9.

for Reconsideration to the extent that it requests a reconsideration of the finding of bad faith.[5]

2. *Prejudice to the Defendant*

Next, Counsel argues that the Court's determination as to prejudice is erroneous and should be reconsidered.[6] Although somewhat difficult to decipher, it appears that Counsel provides three reasons for this assertion: (1) the issue of prejudice is a jury determination; (2) Bozzuto's had access to the requested discovery documents in early 2007 prior to the Brunos' destruction of that evidence; and (3) the only evidence contradicting the conclusion that Bozzuto's had that information are self-serving affidavits. See (ECF No. 230).

First, Counsel's argument that determination of prejudice is properly left for the jury is clearly erroneous. Counsel does not cite to a single case in support of this bald assertion, nor is the Court able to locate any on Counsel's behalf. The reason for this is clear: a determination of prejudice as it relates to spoliation sanctions is a question of law, not of fact.

---

[5] Brunos' counsel also asserts that "Judge Brann decided that Plaintiffs must present three years of documents [in discovery], rather than the one year ordered by Judge Mariani." (ECF No. 230, p. 10). This assertion is rather puzzling since a thorough reading of Judge Mariani's Opinion and Order fails to support this claim. Judge Mariani was addressing Bozzuto's request for records dating from January 1, 2010 through June 10, 2010. See (ECF No. 94, Ex. H). Judge Mariani ordered that Brunos "take such actions as are necessary to obtain the requested data from AWl and turn them over to Defendant." (ECF No. 127, p. 12). Logical leads to the inevitable conclusion therefore that Judge Mariani's Order encompassed records for the same period of time that this Court considered – that is, three years.
[6] Although addressed in regard to the April 23, 2015 Order, the Court notes that Counsel's arguments are also applicable to the Court's July 30, 2015 Order.

The Court should not need to explicate such an obvious conclusion. After all, the power to sanction a party is an inherent power of the Court, not of the jury, and is a power reserved to the sound discretion of the district court. E.g., Chambers v. NASCO, Inc., 501 U.S. 32 (1991). Consequently, the United States Court of Appeals for the Third Circuit has time and time against stressed that "a *court* is to consider" three factors in determining what sanctions should be imposed for spoliation of evidence. Capogrosso v. 30 River Court E. Urban Renewal Co., 482 F.App'x 677, 682 (3d Cir. 2012) (quoting Bull v. United Parcel Serv., Inc., 665 F.3d 68, 72–73 (3d Cir. 2012)) (emphasis added). Therefore, the Court will deny Counsel's motion to reconsider on those grounds.

Second, even assuming that Bozzuto's had access to the requested documents more than two years prior to the commencement of litigation, and assuming that their affidavits to the contrary truly are self-serving sham affidavits, Bozzuto's has still sufficiently demonstrated prejudice. In arguing that prejudice does not exist, Counsel fails to comprehend the relevant test for prejudice. The issue is not whether a party *ever* had access to information, but whether the party's experts were provided adequate and meaningful access to the information such that they are able to present a defense on the merits. See Capogrosso, 482 F.App'x at 682 (ability to inspect property five months before a claim for damages was filed did not render a spoliation claim moot); N.J. Manufacturers Ins. Co. v. Hearth &

Home Technologies, Inc., No. 3:06-CV-2234, 2008 WL 2571227, at *11 (M.D. Pa. June 25, 2008) (holding that, where non-experts from the non-spoliating party had opportunity to examine evidence prior to commencement of litigation, the degree of prejudice is only slightly reduced); In re Wechsler, 121 F. Supp. 2d 404, 421 (D. Del. 2000) (the "crucial question is whether the other side had an *adequate* or *meaningful* opportunity to inspect the evidence"); Am. States Ins. Co. v. Scripto–Tokai Corp., 94 Ohio Misc. 2d 172, 704 N.E.2d 1280, 1284 (1997) (relevant "evidence should be retained for inspection until the opposing party has a reasonable opportunity, after notice, to conduct an examination by its experts").

Even if Bozzuto's had access to the evidence prior to its destruction, its employees examined the evidence in early 2007, months prior to the alleged breach of contract and more than two years prior to the commencement of litigation. See (ECF No. 230, Ex. B-8). Bozzuto's experts were unable to view the evidence, and the inability to view this evidence prejudiced their ability to present certain defenses to this action. Bruno, 2015 WL 1862990, at *7. Consequently, Brunos' arguments that no prejudice occurred here fails, and the Motion to reconsider on those grounds is denied.

### C. July 30, 2015 Order

Finally, Counsel objects to two issues relating to the July 30, 2015 Order. First, Counsel argues that the Court erred in directing the Plaintiffs to file a brief in

support of their experts, followed by Defendant submitting a brief in opposition. Second, Counsel objects to the determination that Courts may award monetary sanctions for spoliation of evidence prior to trial.[7]

The Court will deny Counsel's Motion to reconsider the briefing order provided in the July 30, 2015 Order. It is well established that the proponent of an expert witness bears the burden of proving, by preponderance of the evidence, that the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. Oddi v. Ford Motor Co., 234 F.3d 136, 144 (3d Cir. 2000) (quoting Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-93 (1993)). Given that Brunos bears the burden of proving the admissibility of its experts and expert reports, the Court believes it is appropriate for Brunos to submit a brief in support of its expert first, providing Bozzuto's the opportunity to respond.

The Court will also deny Counsel's motion to reconsider its determination that an award of monetary sanctions prior to trial is permissible. The Court reaches this conclusion for two reasons. First, while Counsel asserts that the three representative cases cited by the Court in its July 30, 2015 Order are

---

[7] Counsel also asserts that "[t]he Court should, at the very least, see the methodology used in determining damages, as will be shown in the Daubert Hearing, which involved a methodology admitted as customary by Defendant." (ECF No. 230, p. 8). The Court does not interpret this as seeking reconsideration, since the Court's July 30, 2015 Order was clear that a Daubert hearing will be used assist the Court in determining whether Brunos' experts may be submitted to the jury. (ECF No. 223, pp. 1-2). Thus, the Court agrees with this statement.

13

distinguishable on the basis that spoliation occurred in those cases after litigation commenced, the Court believes this is a distinction without a difference. Bozzuto's had requested the imposition of monetary sanctions in an effort to receive compensation for the time and money it expended addressing Brunos' intentional spoliation of evidence. (ECF No. 203, p. 15). Any award of monetary sanctions would therefore be remedial, not punitive, and Brunos' degree of fault is not relevant to such a sanction.

Second, to the extent that the cases cited by the Court are distinguishable from this matter, it is of little consequence. The Court was clear that the cases cited to were representative of a larger number of cases that supported its proposition.[8] (ECF No. 223, pp. 2-3). There are numerous cases wherein monetary sanctions were awarded, pre-trial, for spoliation that occurred prior to the commencement of litigation. See, e.g., Bozic v. City of Wash., Pa., 912 F. Supp. 2d 257 (W.D. Pa. 2012); Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); PersonalWeb Technologies, LLC v. Google Inc., No. C13-01317 EJD (HRL), 2014 WL 4090558, at *1 (N.D. Cal. Aug. 19, 2014) motion for relief from judgment denied, No. 5:13-CV-01317 EJD, 2014 WL 5422933 (N.D. Cal. Oct. 24, 2014). Consequently, no clear error of law was committed.

---

[8] As any workhorse attorney understands, the signal term "see, e.g." is used "to introduce an authority that is one of multiple authorities . . . clearly supporting the same proposition[.]" THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION B3.2 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010).

## IV. Conclusion

For the foregoing reasons, the Brunos' Motion for Reconsideration is denied. A separate Order will be issued.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge